IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **A.K. and C.K.,  minors, by and through their legal guardians, Tauber and Joan Kornblut,** 4614 S. Lyn Circle, South Euclid Ohio, 44121<br><br>**Plaintiffs,**<br><br>v<br><br>**HUDSON CITY SCHOOL DISTRICT BOARD OF EDUCATION,** 2400 Hudson-Aurora Rd Hudson, OH 44236<br><br>**Defendants,** | CASE NO:<br><br>JUDGE:<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF** |

Now come the Plaintiffs, A.K. and C.K., minors, by and through their legal guardians, Tauber and Joan Kornblut, (the "Kornbluts"), by and through their attorney, Michelle K. McGuire, for their complaint hereby allege:

## PARTIES

1. Plaintiffs are citizens of the United States of America, and residents of Cuyahoga County, Ohio.

2. A.K. and C.K. are minors, proceeding in this action by and through their Grandparents and legal guardians, residents of Cuyahoga County, Ohio.

3. A.K. has been diagnosed with moderate to severe autism, requiring Defendant to adhere to the mandates of the Individuals with Disabilities Education Act ("IDEA"), s*ee* 20 U.S.C. §1400, and is therefore a "qualified individual" under Section 504 of the

1

Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Americans with Disabilities Act, 42 U.S.C. § 12131.

4. C.K. has been diagnosed with moderate to severe autism, requiring Defendant to adhere to the mandates of the Individuals with Disabilities Education Act ("IDEA"), s*ee* 20 U.S.C. §1400, and is therefore a "qualified individual" under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Americans with Disabilities Act, 42 U.S.C. § 12131.

5. Plaintiff, Joan Kornblut, is A.K. and C.K.'s grandmother and legal guardian.

6. Plaintiff, Tauber Kornblut, is A.K. and C.K.'s grandfather and legal guardian.

7. Plaintiffs, Joan and Tauber Kornblut, hereinafter will collectively be referred to as "Grandparents."

8. Defendant Hudson School District Board of Education (hereinafter "School District") is a governmental body created by statute and organized under the laws of the state of Ohio to provide public education to the children that reside within its boundaries.

9. Defendant School District is a public educational system that receives federal financial assistance from the United States of America and is subject to the applicability of Title IX of the Education Act of 1972, 20 U.S.C.A. § 1681.

## JURISDICTION AND VENUE

10. Jurisdiction is conferred upon this Court by 28 U.S. C. § 1331, 1343 (3) and (4); 42 U.S.C. § 1983; 42 U.S.C. § 1988; the IDEA, (20 U.S.C. § 1400 *et. seq*.); Chapter 3323 of the Ohio Revised Code; and the Due Process and Equal Protection Clauses of the United States Constitution.

11. This Court has pendant jurisdiction to adjudicate any state claims which arise out of the same facts as the federal claims asserted herein.

12. Venue is proper in the United States District Court of the Northern District of Ohio, as authorized by 28 U.S.C. § 1391 and 1392.

## FACTS AND PROCEDURAL BACKGROUND

13. A.K. was found eligible under the IDEIA as a preschooler with a disability by the Hudson City School District in December 2005 and received services through an IEP in a Hudson preschool.

14. A.K. suffers from global delays with language, motor skills, adaptive behavior and social/emotional behavior, is essentially non-verbal and requires an intensive language based program.

15. In 2006, A.K.'s mother removed A.K. from the Hudson program and placed her at Monarch School.

16. C.K. demonstrates deficits in the areas of academics, cognitive skills, adapted behavior, stereotyped behaviors, communication, social interaction, fine motor, activities of daily living and sensory processing skills as compared to same age peers.

17. C.K. was placed by her grandparents at the Monarch School utilizing the autism scholarship. She has attended Monarch since 2008 and is currently enrolled for the 2013-14 school year.

18. In October 2006, A.K. and C.K.'s mother was violently murdered by their father at their home in Hudson. A.K. and C.K. were present during the murder and were removed from the scene by police. Immediately following the murder, their father was, and has remained, incarcerated and has had no contact with A.K. or C.K.

19. Their maternal grandparents, Tauber and Joan Kornblut, were designated their legal and residential custodians. Mr. and Mrs. Kornblut reside in the South Euclid City School District.

20. On November 23, 2010, the Summit County Court of Common Pleas (Juvenile Division) issued an order finding that the Hudson City School District is responsible for the cost of the children's education.

21. On April 25 and 26, 2013, Hudson met with A.K. and C.K.'s grandparents to conduct an annual review of A.K. and C.K.'s IEP.  The IEP team recommended that A.K. and C.K. be moved from their current placement at Monarch School back to Hudson without conducting any evaluation to rule out any potential harm to A.K. or C.K.

22. The grandparents believe it is necessary for A.K. and C.K. to continue their placement in a specialized program at Monarch in order to meet their educational needs and to maintain their ability to function.

23. On or about August 1, 2013, the Kornbluts initiated a due process complaint for A.K. and a complaint for C.K. with the Ohio Department of Education (ODE) alleging that Hudson City Schools District has denied A.K. and C.K. their free and appropriate education ("FAPE"). The Complaints are referred to as, A.K. v. Hudson City School District, Case No. SE2861-2013, and C.K. v. Hudson City School District, Case No. SE2860-2013.

## **COUNT ONE**

24. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 22 of Plaintiffs' Complaint as if fully rewritten herein.

25. Plaintiffs are entitled to injunctive relief pursuant to Fed. R. Civ. P. 65.

26. The underlying claims in this action involve an administrative proceeding to determine whether the District complied with the federal mandates of the Individuals with Disabilities Education Act of 2004 (IDEA), 20 U.S.C. § 1400.

27. As the evidence will show, A.K. and C.K. were both denied FAPE for the 2013-14 school year, Monarch is an appropriate placement under the IDEIA, that they cannot be moved back to Hudson without suffering irreparable harm, that the harm to Defendant is minimal and that the public interest lies with the granting of injunctive relief.

**WHEREFORE,** Plaintiffs request that this Court award them injunctive relief and Order Defendant, Hudson City School District, to provide A.K. and C.K. FAPE at Monarch School by funding this placement and providing transportation until a State Level Review Officer determinates the appropriate legal placement for them.

Respectfully submitted,

/s_____
Michelle K. McGuire 0076553
PO Box 81804
Cleveland, Ohio 44181
(440) 396-7844
Michelle.attorney@gmail.com
Attorney for Plaintiffs